JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-1950-JLS-KESx       Date: March 16, 2017
Title: Tuan Nguyen v. Marc Kelly, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                        Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. 51)**

  Before the Court is a Motion to Dismiss filed by Defendants Bich An Thi Nguyen, Ngoc Bich Thi Nguyen, Van Anh Thi Nguyen, Hoang Huy Tu, and Walter Emil Teague III. (Mot., Doc. 51.) Plaintiff Tuan Nguyen opposed, and Defendants replied. (Opp., Doc. 57; Reply, Doc. 59.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for March 17, 2017, at 2:30 p.m., is VACATED. Having read and considered the parties' briefs, the Court GRANTS Defendants' Motion for the following reasons.

  As best the Court can discern from the Complaint, Plaintiff's claims against Defendants arise out of his dissatisfaction with Judge Marc Kelly's decisions and rulings in a proceeding involving competing requests for domestic violence restraining orders in Orange County Superior Court. (*See* Compl. at 10–16.)[1] Ultimately, the proceedings terminated against Plaintiff. (*Id.* at 15–16.) Afterwards, Plaintiff filed the instant action against the moving Defendants as well as Judge Kelly, Commissioner Renee Wilson, and the Orange County Superior Court. (Compl.) Plaintiff's claims against the latter three Defendants were dismissed on January 19, 2017. (MTD Order, Doc. 45.) The remaining Defendants now move to have the claims against them dismissed as well (Mot.)

---

[1] Because the Complaint does not contain any page numbers and its paragraphs are not consistently numbered, the Court's pincites are to the page numbers provided by the docket information stamped at the top of each page.

**CIVIL MINUTES – GENERAL**       1

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-1950-JLS-KESx                                          Date: March 16, 2017
Title: Tuan Nguyen v. Marc Kelly, et al.

To the extent Plaintiff attempts to overturn what occurred in the state court proceedings, the claims are barred by the *Rooker-Feldman* doctrine. (*See* MTD Order at 2.) Regardless, Plaintiff's Complaint must be dismissed because Plaintiff fails to adequately plead any federal claim, and the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. Plaintiff asserts five federal claims in his Complaint: (1) violation of 18 U.S.C. § 3771; (2) violation of 42 U.S.C. § 10606(b); (3) violation of 42 U.S.C. § 1983 against Defendants Tu and Teague; (4) violation of the Federal Privacy Act, 5 U.S.C. § 552; and (5) violation of the RICO Act, 18 U.S.C. § 1962. (*See* Compl. at 1–2.)

Plaintiff's first federal claim fails because 18 U.S.C. § 3771 does not provide a cause of action for damages. Moreover, the statute does not apply in any way to Defendants here. Section 3771 affords certain rights to "crime victim[s]" in court proceedings involving an offense against those crime victims. 18 U.S.C. §§ 3771(a)–(b). A "crime victim" means "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). These rights are asserted by filing an appropriate motion in a federal district court. 18 U.S.C. § 3771(d)(3). The statute puts the burden on the court and the officers and employees of the Department of Justice and "other departments and agencies of the United States" to preserve these rights for crime victims. 18 U.S.C. §§ 3771(b)(1), (c)(1). Because Defendants are private individuals, Section 3771 has no relevance to them.

Plaintiff's second federal claim fails because 42 U.S.C. § 10606(b) was repealed on October 30, 2004.

Plaintiff's third federal claim fails because neither Tu nor Teague have acted under color of state law such that they can be deemed state actors. *See Bain v. California Teachers Ass'n*, 156 F. Supp. 3d 1142, 1149 (citing *Caviness v. Horizon Cmty, Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) ("To state a claim under § 1983, a plaintiff must show that the allegedly unconstitutional conduct is fairly attributable to the State."). According to Plaintiff, Tu and Teague are attorneys for the other private individual Defendants in this case. (*See* Compl. at 14.) The Court finds no allegation that can be plausibly construed as state action. Therefore, Plaintiff's Section 1983 claim against Tu and Teague fails.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-1950-JLS-KESx						Date: March 16, 2017
Title: Tuan Nguyen v. Marc Kelly, et al.

Plaintiff's fourth federal claim fails because 5 U.S.C. § 552 applies to federal agencies, not to private individuals such as Defendants.

Finally, Plaintiff's fifth federal claim fails because a civil RICO claim requires a defendant's conduct to have some nexus to interstate commerce, and nothing Plaintiff alleges plausibly pleads such a nexus here. *See* 18 U.S.C. §§ 1962(a)–(c); *see also Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 153–54 ("[S]ome nexus to interstate or foreign commerce is required as a jurisdictional element of a civil RICO claim . . . ."). Although Plaintiff alleges that Defendants engage in money laundering and arrange sham marriages on behalf of an international Vietnamese Communist spy network,[2] (Compl. at 7–9), the Court finds these accusations insufficiently pleaded to be plausible. What the Court discerns from Plaintiffs' various accusations is a dissatisfaction with the outcome of his domestic violence restraining order proceedings in state court and the fact that his ex-girlfriend initiated these proceedings against him. Such dissatisfaction is not the basis for a RICO claim.

Plaintiff's remaining claims against Defendants are state-law claims, and the Court declines to exercise supplemental jurisdiction over them.

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. Because the Court concludes that Plaintiff cannot cure his deficiencies by amendment, the Court DISMISSES Plaintiff's claims WITH PREJUDICE.

Initials of Preparer: tg

---

[2] This spy network allegedly includes a Venezuelan oil company, Hamas, and Hezbollah, and conducts criminal activities in Venezuela, Palestine, Singapore, and Colombia, in addition to the United States. (Compl. at 7–9.)